IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DEPARTMENT OF EDUCATION, STATE OF HAWAII, | ) ) ) ) | CIVIL NO. 12-00007 HG-KSC |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| RIA L., by and through her Parent, RITA L. | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER GRANTING MOTION FOR STAY PUT**

On November 29, 2011, an Administrative Hearings Officer determined that Defendant Ria L. had been denied a free appropriate public education, as required by the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400, et seq. The Hearings Officer issued a Decision awarding Ria reimbursement and compensatory relief at her current school, a private placement.

The Department of Education appealed the Administrative Decision. On July 31, 2012, the District Court issued an Order Vacating and Remanding the Decision of the Hearings Officer.

The Department of Education stopped paying for Ria's private education and providing transportation to the private placement.

1

Ria, through her parent, Rita L., filed Defendants' Motion for Stay Put, pursuant to 20 U.S.C. § 1415(j), asking the Court to order the Department of Education to resume paying for her private education and providing transportation to the private placement. (Doc. 33).

The Administrative Decision established the private placement as Ria's current educational placement for stay put purposes. It remains her placement for stay put purposes during the pendency of the appeal. The Motion for Stay Put is **GRANTED.**

## PROCEDURAL HISTORY

On March 14, 2011, Defendants Ria L., through her parent, Rita L. ("Parent"), filed an Administrative Request for Due Process, alleging that Plaintiff Department of Education of the State of Hawaii ("DOE") denied Ria a free appropriate public education ("FAPE"), in violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq.

On November 29, 2011, the Administrative Hearings Officer ("Hearings Officer") issued an Administrative Findings of Fact, Conclusions of Law and Decision ("Administrative Decision"). (Doc. 1). The Administrative Decision held that Ria was denied a FAPE, and awarded Ria reimbursement and compensatory education at Autism Behavioral Consultants Group ("ABC").

On December 28, 2011, the DOE appealed the Administrative Decision by filing a Complaint in the Circuit Court of the First Circuit, State of Hawaii. (Doc. 1).

On January 4, 2012, Ria, through her Parent, removed the action to the Federal District Court.

On July 31, 2012, District Judge David Alan Ezra issued an Order Vacating and Remanding the Decision of the Hearings Officer. (Doc. 27).

On August 3, 2012, the case was reassigned to District Judge Helen Gillmor.

On August 7, 2012, the DOE having ceased providing transportation and paying for Ria's educational expenses, Ria stopped attending ABC. (Defendants' Motion for Stay Put, Declaration of Amy Wiech, President and Operations Director at ABC ("Wiech Decl.")(Doc. 33).)

On August 22, 2012, Ria, through her Parent, filed Defendants' Motion for Stay Put (Doc. 33), pursuant to 20 U.S.C. § 1415(j).

On September 10, 2012, the DOE filed Plaintiff's Memorandum in Opposition to Defendants' Motion for Stay Put. (Doc. 36).

On September 14, 2012, Ria, through her Parent, filed Defendants' Reply Memorandum in Support of the Motion for Stay Put. (Doc. 37).

On September 20, 2012, a hearing was held on the Motion for Stay Put (Doc. 33).

## BACKGROUND

Ria is a ten-year-old girl who is eligible to receive special education and related services pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. Ria attended public school at Kipapa Elementary School until February 2011. Around that time, Ria's Parent placed her in private school at Autism Behavioral Consultants ("ABC"). (Administrative Decision at pgs. 31-32, attached to Notice of Removal (Doc. 1).)

Approximately one month later, Ria, through her Parent, requested an administrative hearing, alleging that the DOE violated the IDEA by denying her a free appropriate public education ("FAPE").

Following a six-day administrative hearing, the Hearings Officer found that procedural and substantive errors in Ria's 2009 and 2010 Individualized Education Programs amounted to a denial of a FAPE. The Hearings Officer issued an Administrative Decision on November 29, 2011. The Administrative Decision, in relevant part, awarded Ria's Parent reimbursement for tuition and other relevant expenses paid to ABC during the 2010-2011 school year, and compensatory education, in the form of placement at ABC

for the 2011-2012 school year and summer Extended School Year ("ESY") 2012. (Administrative Decision at pg. 49.)

The DOE appealed the Administrative Decision. On July 31, 2012, District Judge Ezra issued an Order Vacating and Remanding the Decision of the Hearings Officer to determine (1) whether Ria's allegations of abuse, which were not addressed by the Administrative Decision, denied her a FAPE, and (2) if so, the appropriate remedy.

On August 3, 2012, the case was reassigned from District Judge Ezra to District Judge Gillmor.

Sometime between May and July 2012, the DOE stopped paying for Ria's educational services at ABC and discontinued providing transportation to ABC.[1] As a result, Ria stopped attending ABC on August 7, 2012. (Motion to Stay Put, Wiech Decl. at ¶ 6).

On August 22, 2012, Ria, through her Parent, filed a Motion for Stay Put, pursuant to 20 U.S.C. § 1415(j). The Motion requests that the Court order the DOE to provide transportation services and payment to ABC during the pendency of the appellate proceedings.

---

[1] The parties disagree as to when the DOE stopped making payments to ABC. The DOE claims it paid through summer ESY (Opposition to Motion for Stay Put at pg. 20). Ria claims the DOE stopped paying in May (Motion to Stay Put, Wiech Decl. at ¶ 7).

## ANALYSIS

Ria L., through her Parent, Rita L., petitions the District Court for an order for stay put at the Autism Behavioral Consultants Group ("ABC") during the pendency of this action. The dispute concerns whether Ria was denied a free appropriate public education by the Department of Education of the State of Hawaii ("DOE"), in violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400, et seq. ("IDEA").

### I. The Stay Put Provision of the IDEA

The IDEA mandates that all children with disabilities are provided with a free appropriate public education ("FAPE") that is designed to meet their unique needs and prepare them for the future. 20 U.S.C. § 1400(d)(1)(A). Pursuant to the statute, each child with a disability is provided with a detailed, individualized instruction plan, known as an individualized education program ("IEP").  20 U.S.C. §§ 1401(14), 1414(d). The IEP is a written statement, prepared at a meeting of qualified representatives of the local educational agency, the child's teacher, parent(s), and where appropriate, the child.  The IEP is reviewed, and if appropriate, revised, at least once each year. 20 U.S.C. § 1414(d).

A parent who disagrees with the contents of an IEP may challenge it by filing a request for a due process hearing. 20

U.S.C. §§ 1415(b)(6), 1415(f). A challenge to an IEP activates the IDEA's stay put provision.

The stay put provision mandates that a child remain in his or her "current educational placement" until all proceedings relating to the challenge have been completed. 20 U.S.C. § 1415(j). The statute provides:

> [D]uring the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed.

Id.

The stay put provision seeks to provide a child with a stable and consistent educational placement, by operating as an automatic preliminary injunction. Ashland Sch. Dist. v. V.M., 494 F.Supp.2d 1180, 1182 (D. Or. 2007)("[It] strive[s] to ensure the child is not treated as a ping-pong ball, ricocheting between placements with each new ruling in the dispute between parents and school.").

**II.  The Administrative Decision Established ABC as Ria's Current Educational Placement for Stay Put Purposes**

   **A.  A Private Placement Qualifies as the Current Educational Placement when an Administrative or Judicial Decision Finds it Appropriate**

The IDEA does not define "current educational placement," but courts and IDEA regulations interpret it as (1) the placement set forth in a child's last-implemented IEP or (2) a parents' private placement that is supported by a court or agency ruling. L.M. ex rel Sam M. v. Capistrano Unified Sch. Dist., 556 F.3d 900, 902-03 (9th Cir. 2008), *aff'd*, 462 Fed.Appx. 745 (9th Cir. 2011)(following remand on other issues); 34 C.F.R. § 300.518.

A private placement that was unilaterally chosen by a parent qualifies for stay put purposes when a hearings officer assesses the merits of its suitability for a child, and issues a decision finding it appropriate. K.D. ex rel. C.L. v. Dep't of Educ., Hawaii, 665 F.3d 1110, 1118 (9th Cir. 2011). A school district's "consent to the private placement is implied by law." Capistrano, 556 F.3d at 912 (quoting Mackey v. Bd. of Educ. for Arlington Central Sch. Dist., 386 F.3d 158, 163 (2d Cir. 2004)). From that point forward, the state must pay for the costs of private school while the dispute is pending, even if the state ultimately prevails. See id.

An administrative or judicial decision may implicitly establish a current educational placement for stay put purposes,

so long as it adjudicates the appropriateness of the private placement. See Capistrano, 556 F.3d at 912-13; K.D. ex rel. C.L. v. Dep't of Educ., Hawaii, 665 F.3d at 1118. Courts look to the depth of the analysis and statements in the hearings officer's decision to determine if the hearings officer properly assessed a placement's suitability. See e.g. Capistrano, 556 F.3d at 912-13; Clovis Unified Sch. Dist. v. Cal. Office of Admin. Hearings, 903 F.2d 635, 641 (9th Cir. 1990); Dep't of Educ. v. M.F. ex rel R.F., 840 F.Supp.2d 1214, 1233-35, 1239 (D. Haw. 2011), *clarified by* No. 11-00047, 2012 WL 639141 (D. Haw. Feb. 28, 2012).

Awards for prospective relief, such as compensatory education at a private school, also indicate that a hearings officer sufficiently assessed a placement's appropriateness for stay put purposes. See Brennan v. Reg'l Sch. Dist. No. Bd. of Educ., 531 F.Supp.2d 245, 265-67 (D. Conn. 2008); cf. Sudbury Public Sch. V. Mass. Dep't of Elem. & Secondary Educ., 762 F.Supp.2d 254, 269 (D. Mass. 2010)(stay put applies to a hearings officer's finding that a placement is appropriate, unless the hearings officer explicitly addresses the equities behind denying prospective placement).

### B. The Hearings Officer Adjudicated the Merits of ABC's Appropriateness for Ria

The Administrative Decision made a finding on the merits that Ria's placement at ABC was appropriate. The Decision awarded

9

reimbursement for the costs of Ria's attendance at ABC and compensatory education at ABC.  With respect to reimbursement, the Hearings Officer determined that Ria's 2009 and 2010 IEPs were not appropriate, and that Ria's "placement at the Private School is appropriate." (Administrative Decision at pg. 48.)

With respect to compensatory education, the Decision states:

> Based on the fact that Student did not have IEPS during the 2009-2010 and 2010-2011 school years that were individualized to meet her needs or that addressed each of her needs, and that Student made minimal progress during that same period of time, the Hearings Officer awards Student compensatory education in the form of placement at [ABC] for the 2011-2012 school year, including summer ESY 2012, and daily transportation services from home-to-school and back.

(Administrative Decision at pg. 49.)

The Hearings Officer examined the educational services provided by ABC and their impact on Ria. She specifically focused on improvements in Ria's language and communication skills in finding ABC an appropriate placement. (Administrative Decision at pgs. 32-34). The assessment of ABC's appropriateness is analogous to the hearings officer's findings in M.F. ex rel R.F., 840 F.Supp.2d at 1234-35, 1239. In M.F. ex rel R.F., the hearings officer found that a private placement was appropriate based, in part, on improvements in the child's communication skills and behavior while attending the private school. Id. The District Court in M.F. ex rel R.F. held that the hearings officer's

10

adjudication of the private placement's appropriateness for M.F. established it as his current educational placement for stay put purposes. Id.

The Administrative Decision's award of prospective relief, in the form of compensatory education at ABC, also shows that the Hearings Officer directly addressed the merits of ABC's suitability for Ria's future educational needs.

### C. The Hearings Officer Found ABC Appropriate for Reimbursement and Prospective Placement Purposes

Defendants argue that the Hearings Officer found the ABC placement appropriate for reimbursement purposes only.

Pursuant to 20 U.S.C. § 1412(a)(10)(c), reimbursement is permitted when the court or hearings officer finds that (1) the public school failed to provide a FAPE and (2) the private school is appropriate. C.B. ex rel Baquerizo v. Garden Grove Unified Sch. Dist., 635 F.3d 1155, 1159 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 500 (2011). To be appropriate for reimbursement, a private placement need only provide *some* educational benefit to the child. Id.; 34 C.F.R. § 300.148(c).

In Capistrano, the Ninth Circuit Court of Appeals held that finding a private school appropriate for reimbursement does not necessarily establish that school as the child's current educational placement for stay put purposes. 556 F.3d at 912. A

11

finding of appropriateness is limited to the reimbursement context when a hearings officer (1) does not consider whether a placement is suitable for a child's future educational needs or (2) finds it inappropriate for prospective placement. Id. at 912-13; Huerta v. San Francisco Unified Sch. Dist., No. 11-04817, 2011 WL 5521742, at *5-6 (N.D. Cal. Nov. 14, 2011). In such cases, there is no implied finding of appropriateness to establish a current educational placement.

In both Capistrano and Huerta, courts affirmed denials of motions for stay put relief. In both cases:

- A child moved for stay put relief based on an initial judicial or administrative decision that awarded reimbursement, but not prospective placement, at a private school.
- The judge who issued the initial decision later denied the child's motion for stay put, expressly stating that the finding of appropriateness was limited to the reimbursement context.
- The initial decision did not consider the placement's ability to meet the child's future educational needs.

In the case before the Court, the Hearings Officer considered ABC's ability to meet Ria's future educational needs and issued an Administrative Decision awarding prospective placement at ABC. The Hearings Officer's finding with respect to

ABC's appropriateness is not limited to the reimbursement context. The Administrative Decision established ABC as Ria's current educational placement. Ria is entitled to stay put relief at ABC.

### D. The Award of Compensatory Education Supports the Claim that ABC is Ria's Current Educational Placement

The DOE contends that the Administrative Decision's award for compensatory education at ABC through ESY 2012 established ABC as a temporary placement, and not Ria's current educational placement.

If a hearings officer finds that a child is denied a FAPE, he or she may award prospective relief in the form of compensatory education services. <u>Park ex rel. Park v. Anaheim Union High Sch. Dist.</u>, 464 F.3d 1025, 1033 (9th Cir. 2006). The compensatory education award is designed to catch a child up to where he or she would be if the school district had provided a FAPE. <u>Brennan</u>, 531 F.Supp.2d at 265. A compensatory education award may include placing the student at a private school for a specified term or until a certain condition is met. <u>Id.</u>

When a hearings officer awards compensatory education at a private school, along with reimbursement, an additional analysis has taken place. A compensatory education award usually shows that a hearings officer adjudicated the merits of a private placement's appropriateness for a child's future educational

13

needs, establishing it as the current educational placement. See Brennan, 531 F.Supp.2d at 265-67; Huerta, 2011 WL 5521742, at *5-6.

The time period or condition in a compensatory education award does not transform a current educational placement into a temporary placement. See M.F. ex rel R.F., 840 F.Supp.2d at 1239-40; Brennan, 531 F.Supp.2d at 266-67. In both M.F. ex rel R.F. and Brennan, the court held that a compensatory education award for one school year at a private placement created a current educational placement for stay put purposes. The school district, in both cases, was required to pay for the private school until the placement dispute was resolved, even if the dispute outlasted the one-year term of the compensatory education award.

An award for compensatory education establishes a temporary placement only when the administrative decision expressly limits its finding with respect to the placement's appropriateness for the child. See Monticello Sch. Dist. No. 25 v. George L., 102 F.3d 895, 904 (7th Cir. 1996); Leonard ex rel Leonard v. McKenzie, 869 F.2d 1558, 1564 (D.C. Cir. 1989). In Monticello, the court denied stay put protection based on an administrative decision that specifically ordered the child to return to public school after completing the following semester of private school. Id. In Leonard, the court reviewed an administrative decision that found the child's placement at public school appropriate,

14

but allowed the child to complete the semester at the private school due to the school district's violations. <u>Leonard</u>, 869 F.2d at 1564. The administrative decision in <u>Leonard</u> clearly indicated that the private placement was temporary and the parties were "on notice" that the child's placement at private school would only last for the semester. <u>Id.</u>

The Administrative Decision before the Court here, issued on November 29, 2011, found that Ria was denied a FAPE and awarded her reimbursement and prospective relief, in the form of compensatory education at ABC. In awarding relief, the Hearings Officer evaluated whether ABC was an appropriate placement for Ria. ABC became Ria's current educational placement for stay put purposes, as of the Administrative Decision's date of issuance. The DOE must pay for Ria's educational services at ABC until the placement dispute is resolved. The DOE's obligation did not terminate at the end-date of the compensatory education award, ESY 2012.

**III. The Hearings Officer's Finding of Appropriateness Established ABC as Ria's Current Educational Placement During the Pendency of the Dispute**

**A. The District Court's Order Vacating and Remanding the Administrative Decision Did Not Change Ria's Current Educational Placement**

Once a private school becomes the current educational placement for stay put purposes, the state must pay for the child's private education at that placement until the dispute

between the educational agency and the child's parents is resolved. Johnson ex rel Johnson v. Special Educ. Hearing Office, 287 F.3d 1176, 1179 (9th Cir.2002); 34 C.F.R. § 300.518. The pendency period of the dispute includes appeals to the circuit court and remands to the hearings officer. See Joshua A. v. Rocklin Unified Sch. Dist., 559 F.3d 1036, 1040 (9th Cir. 2009); M.F. ex rel Donna R.F., 840 F.Supp.2d at 1235, 1239.

The Administrative Decision in the case before the Court here established ABC as Ria's current educational placement during the pendency of the DOE's appeal. District Judge Ezra's Order vacating and remanding the Administrative Decision did not address the Hearings Officer's findings with respect to ABC's appropriateness for Ria. It did not alter Ria's current educational placement at ABC. The remand requires the Hearings Officer to decide whether Ria was denied a FAPE based on the allegations of abuse in her initial request for a due process hearing. On remand, Ria's initial placement dispute is still pending. ABC remains Ria's current educational placement for stay put purposes pending a final resolution of the case.

    **B.   ABC's Appropriateness Is Not at Issue in Deciding the Motion for Stay Put**

The DOE argues that ABC is not an appropriate placement for Ria.

The issue of whether the Hearings Officer properly found ABC appropriate is not before the Court at this time. The rule of the

case is established by District Judge Ezra's Order vacating and remanding the Administrative Decision.

The District Court Order did not alter the Hearings Officer's finding with respect to ABC's appropriateness. The Order disagreed with the Hearings Officer's finding that the DOE procedurally and substantively denied Ria a FAPE. On remand, the District Court ordered the Hearings Officer to address whether Ria's allegations of abuse resulted in the denial of a FAPE, and if so, the appropriate remedy.

The Court's analysis in deciding Ria's Motion for Stay Put is based on the Hearings Officer's adjudication of ABC's appropriateness. See Joshua A., 559 F.3d at 1040; Dep't of Educ. v. C.B. ex rel. Donna B., No. 11-00576, 2012 WL 2467741, at *4 (D. Haw. June 26, 2012). The Hearings Officer found ABC appropriate for Ria's 2011-2012 placement. The District Court Order did not change that finding. See M.F. ex rel Donna R.F., 840 F.Supp.2d at 1235 (vacating reimbursement and compensatory education awards without reference to stay put relief). ABC remains Ria's current educational placement during the pendency of the dispute.

## CONCLUSION

The Administrative Decision, issued on November 29, 2011, addressed the merits of whether ABC was an appropriate placement for Ria. ABC became Ria's current educational placement for stay put purposes as of that date. Ria is entitled to stay put at ABC

while the case is on appeal. The DOE must continue to pay for Ria's tuition and provide transportation to ABC until all proceedings with respect to the appeal are completed. The DOE must also pay any outstanding fees owed to ABC for Ria's education to date. Defendants' Motion for Stay Put (Doc. 33) is **GRANTED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, October 30, 2012.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

_____
Department of Education, State of Hawaii v. Ria L., by and through her Parent, Rita L.; Civil No. 12-00007 HG-KSC; **ORDER GRANTING DEFENDANTS' MOTION FOR STAY PUT**